UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLADYS RUVIRA-GARCIA, | ) |
| Petitioner, | ) Case No. 1:20-cv-2179 |
| v. | ) Hon. Steven C. Seeger |
| ROBERT GUADIAN, Director, Chicago Field Office, U.S. Immigration and Customs Enforcement; MIGUEL RODRIGUEZ, Docket Officer, U.S. Immigration and Customs Enforcement; CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security; and JOHN DOE, | ) |
| Respondents. | ) |

**ORDER**

Petitioner Gladys Ruvira-Garcia filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to compel her return to Illinois so that she can challenge her detention in light of the coronavirus pandemic. There are two big problems. Petitioner filed against the wrong people, in the wrong place. This Court cannot force Respondents to "produce the body" because they aren't holding her here.

The statute provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdiction." *See* 28 U.S.C. § 2241(a). The phrase "within their respective jurisdiction" places territorial limits on the power of district courts. *Id.* "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also id.* at 442 (stating

that the "commonsense reading" of the statute is that "the Great Writ is 'issuable only in the district of confinement'") (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)); *Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019) ("[I]t is well-established that if relief under § 2241 is available at all, it must be sought in the district of incarceration."); *Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015) (noting that the "one and only proper venue" is the "district where he is incarcerated"); *al-Marri v. Rumsfeld*, 360 F.3d 707, 710 (7th Cir. 2006) ("Appellate courts regularly dismiss actions under § 2241 filed outside the judicial district that contains the place of the prisoner's detention.").

The petition must address the right person, too. The statute focuses on the person who has physical custody over the petitioner. The petition must include the "name of the person who has custody over him," 28 U.S.C. § 2242, and the writ "shall be directed to the person having custody of the person detained," 28 U.S.C. § 2243. A writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973).

"The custodian, in most cases, 'is the person having a day-to-day control' over the petitioner, because he 'is the only one who can produce 'the body' of the petitioner.'" *Samirah v. O'Connell*, 335 F.3d 545, 551-52 (7th Cir. 2003) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). "A century-old line of Supreme Court precedent has defined a habeas petitioner's custodian as the person 'who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge.'" *Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006) (quoting *Braden*, 410 U.S. at 494-95) (emphasis in original); *see also Padilla*, 542 U.S. at 439 ("In challenges to present physical confinement, we reaffirm

2

that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004) ("[D]istrict judges may resolve claims under § 2241 only when the custodian is local.").

That approach follows naturally from the statutory text. The habeas statute uses a definite article – "the person" who has custody – when describing the proper recipient of a writ. *See* 28 U.S.C. § 2242 ("the person who has custody"); 28 U.S.C. § 2243 ("the person having custody"); *see also Padilla*, 542 U.S. at 435 ("The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.").

Immigration cases are no exception. In *Kholyavskiy*, the Seventh Circuit held that an alien who is "challenging his present physical confinement" must "name his immediate custodian" in the petition. *See Kholyavskiy*, 443 F.3d at 954. The Seventh Circuit rejected the notion that the "director of the Chicago field office for ICE" was the petitioner's "immediate custodian, even though the warden exercises day-to-day control over the Kenosha facility" where petitioner was held. *Id.* at 953. The Court of Appeals warned against "'conflat[ing] the person responsible for authorizing custody with the person responsible for maintaining custody.'" *Id.* (quoting *al-Marri v. Rumsfeld*, 360 F.3d 707, 711 (7th Cir. 2006) (brackets in original)). The proper custodian is the warden of the facility where the petitioner is confined. Naming local immigration officials does not suffice (if they lack immediate custody).

Simply put, a petitioner must file a habeas action in a proper venue against the proper respondents. The petitioner "must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian." *See Samirah v. O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003). The Court must have power over the person holding the petitioner.

3

According to the petition filed on April 7, 2010, Ruvira-Garcia was detained in Wisconsin as of March 9, and was transferred to Texas on March 10. *See* Petition at ¶¶ 35-36 (Dckt. No. 1). She doesn't allege that she was in the Northern District of Illinois when she filed her petition. In fact, she admits that she *wasn't* here. The alleged problem is that she's detained in Texas. Or, at least she was at the time of the filing of the petition. (Both sides acknowledge that she's now in Oklahoma.).

She wants this Court to order Respondents to bring her back to Illinois, where she resides and where she litigated her immigration status. *See id.* at ¶ 41 ("At the same time, undersigned counsel cannot bring a simple petition for a writ of *habeas corpus*, because Petitioner's current custodian is in Texas."); *id.* at ¶ 43 ("The only solution to this quagmire is for ICE to return Petitioner to Illinois so that a petition for a writ of habeas corpus can be granted."); *id.* at 13 (asking this Court to "[i]ssue an order directing Respondent-Defendants to immediately return Petitioner to the Northern District of Illinois").

The accompanying motion for a temporary restraining order asks this Court for an order preventing Defendants "from continuing to detain Petitioner in prison facilities *outside* the jurisdiction of the Northern District of Illinois." *See* Petitioner's Combined Emergency Mot. for Injunctive Relief and Order to Show Cause, at 1 (Dckt. No. 3) (emphasis added); *see also id.* at ¶ 6 (admitting that she's in Oklahoma); *id.* at ¶ 11 (the second ¶ 11) (asking the Court to "order that ICE return her to the Northern District of Illinois, where she resided prior to her detention").

This Court cannot order the Respondents to produce the Petitioner. Ruvira-Garcia is detained in Oklahoma, so a district in Oklahoma, not the Northern District of Illinois, is the

4

"district of confinement." *See Padilla*, 542 U.S. at 442. The ICE officials in Chicago may have supervisory authority over local immigration matters, but they do not have day-to-day custody over Ruvira-Garcia in Oklahoma.

Petitioner makes three arguments in an attempt to bypass the statutory text and press her habeas petition in the Northern District of Illinois.

First, Petitioner argues that this Court "acquired jurisdiction at the moment of filing," and the "subsequent transfer of Petitioner does not defeat that jurisdiction." *See* Reply, at 1 (Dckt. No. 10). But Petitioner wasn't in the Northern District "at the moment of filing." When she filed the petition on April 7, 2020, she apparently was en route between Texas and Oklahoma, as Petitioner herself admits. *Id.* at 2 ("[A]t the moment Petitioner's request for *habeas corpus* review was filed, Petitioner was in transit between the Bluebonnet Detention Center in Anson, Texas and the Kay County Detention Center in Newkirk, Oklahoma."). This isn't a case where the petitioner was here at the moment of filing, and then left. She hasn't been in the Northern District at any point since this case started.

Petitioner argues that it's unclear whether the authorities in Texas, or the authorities in Oklahoma, had custody over her at the moment of filing. *Id.* at 2. Maybe so. But if the choice is between Texas and Oklahoma, Illinois is the wrong answer.

Second, Petitioner argues that she asks for "injunctive relief," which "cures any jurisdictional defect." *Id.* at 1; *see also id.* at 6 ("Once Petitioner is returned to the Northern District of Illinois, there will be no jurisdictional bar to this Court's exercise of jurisdiction over Petitioner's *habeas corpus* claim; as such, Petitioner's request for injunctive relief effectively cures any jurisdictional defect the Court perceives in the petition for *habeas corpus*.").

5

That's backwards. It's jurisdiction first, remedy later. Without jurisdiction, the Court is powerless to grant any relief at all, including equitable relief.

Injunctive relief is only a remedy. It does not confer jurisdiction. *See* Charles Alan Wright *et al.*, 11A *Federal Practice and Procedure* § 2941 (3d ed. 2020) ("Rule 65 does not confer either subject-matter or personal jurisdiction on the court. . . . The rule assumes that the district court already has acquired jurisdiction and that venue is proper."); *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979) ("[F]ederal courts retain their equitable power to issue injunctions in suits *over which they have jurisdiction*.") (emphasis added). If this Court lacked the power to act at the moment of filing (and it did), this Court cannot empower itself by ordering Respondents to bring Petitioner here. That is, the Court cannot use its equitable powers to change the facts on the ground and create jurisdiction that didn't exist when the case was filed.

Third, Petitioner argues that the government's position "would allow the Executive Branch to unilaterally thwart the most powerful tool available for reviewing Executive detention." *See* Reply at 1 (Dckt. No. 10). But the Legislative Branch, not the Executive Branch, created the jurisdictional limits on the Judicial Branch. *See* U.S. Const. art. III, §1. And in any event, the continued detention of Petitioner by the Executive Branch is not immune from challenge. Petitioner simply can't challenge her detention here, as Congress made clear.

The petition for writ of habeas corpus is dismissed, and the motion for injunctive relief is denied.

Date: April 17, 2020

Steven C. Seeger
United States District Judge